ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

> U.S. DISTRICT COURT
> NORTHERN DISTRICT OF TEXAS
> **FILED**
>
> AUG - 5 2013
>
> CLERK, U.S. DISTRICT COURT
> By_____
> Deputy

| | | |
|---|---|---|
| MONICA HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1173-L (BF) |
| | § | |
| AT&T, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant AT&T, Inc.'s (improperly named as AT&T) Third Motion to Dismiss For Failure to State a Claim and Brief in Support ("Motion to Dismiss"), filed on January 17, 2013. (Doc. 40.) Plaintiff Monica Hawkins ("Plaintiff") filed her response to the Motion to Dismiss on January 24, 2013. (Doc. 41.) Defendant AT&T, Inc. ("AT&T") failed to file a reply. For the following reasons, this Court recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's claims against AT&T with prejudice.

**Background**

Plaintiff filed her Complaint on April 17, 2012, alleging disability discrimination under the Americans with Disability Act ("ADA"). (Doc. 3.) AT&T filed a motion to dismiss or motion for more definite statement on December 4, 2012. (Doc. 27.) Plaintiff filed a correspondence on December 12, 2012 (Doc. 32), and AT&T then filed a second motion to dismiss. (Doc. 33.) This Court granted AT&T's motion for more definite statement and directed Plaintiff to file an amended complaint which stated sufficient facts to support her discrimination claim. (Doc. 36.) Plaintiff in

turn filed several documents which appear to amend her Complaint. (Docs. 37, 38, 39.) Thus, the

Court denied AT&T's second motion to dismiss as moot. This Court will consolidate Plaintiff's

pleadings and documents together, and consider them as Plaintiff's amended complaint, in

determining whether Plaintiff has stated a claim upon which relief can be granted.

After ten years of being employed by AT&T (Doc. 38 at 1), Plaintiff was terminated from

her employment on January 12, 2012. (Doc. 39 at 2.) In her correspondence, Plaintiff indicates that

she was advised that she was being terminated because she did not follow EAP rules. (Doc. 39 at 1-

2.) However, Plaintiff adamantly alleges that she followed AT&T's rules and the EAP's code of

business conduct. (*See generally* Docs. 37, 39.) Plaintiff instead claims that she was terminated and

discriminated against because of her disability and, possibly, because of her race or sex.[1] It appears

from Plaintiff's pleadings that on August 3, 2011, Plaintiff was suspended from AT&T with pay so

that she could attend to her medical issues. (Docs. 37 at 1, 38 at 1.) Plaintiff alleges that she received

treatment for her bipolar disorder and she was released to return to work in November 2011. (Pl.'s

Resp. at 1.) Plaintiff claims that she was called into her supervisor's office every day when she

returned to work up until the day she was fired. (Doc. 38 at 2.) Plaintiff avers that she completed a

required training with her manager, Connie Webster, but thereafter she was informed that she was

not following the rules. (Doc. 39 at 1-2.) Plaintiff seeks back pay, damages, and to return to her job

with AT&T. (Doc. 37 at 2.) The Motion to Dismiss is now ripe for determination.

---

[1] Plaintiff fails to mention race or sex discrimination in her original complaint or in her
amended pleadings. However, in one of her correspondences, she mentions that she was the only
African American woman working in her group. (Doc. 39.)

**Standard of Review**

While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* partes are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* Moreover, if "the plaintiff has failed to plead with particularity after repeated opportunities to do so," a court may dismiss a claim that fails to meet the pleading requirements without granting the plaintiff leave to amend her complaint again. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court

3

generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498.

## Analysis

As an initial matter, AT&T argues that in addition to Plaintiff failing to state a claim upon which relief can be granted, Plaintiff's disability claim should be dismissed because she failed to exhaust her administrative remedies. (Def.'s Mot. to Dismiss at 7-8.) It is well established that before a plaintiff can file a civil action in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII") or the ADA, she must first exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). The scope of inquiry in a Title VII action "is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990) (quoting *Sanchez v. Standard Brands,* 431 F.2d 455, 466 (5th Cir.1970)) (internal quotation marks omitted). The *exact* charge need not be brought to the EEOC to be considered by the court. *Id.* Instead, the court should examine the plaintiff's statement in the charge of discrimination and consider its substance and not just its label. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). An action can be brought on any kind of discrimination like or related to the initial EEOC charge's allegations. *Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir. 2004).

Documents contained in a Title VII administrative record are public records for which the court can take judicial notice and consider in a motion to dismiss. *Crosby v. Philip Holdings, LLC*, No. H-12-01749, 2012 WL 5456360, at *2 n.5 (S.D. Tex. Nov. 7, 2012). Plaintiff filed a charge of

discrimination with the EEOC on March 13, 2012. (Doc. 34-1.) In her charge of discrimination, Plaintiff alleged retaliation and race, sex, and age discrimination, but she failed to allege disability discrimination. (*Id.*) AT&T contends that Plaintiff's disability discrimination claim should be dismissed because she failed to check the box for disability discrimination and the EEOC failed to check the disability discrimination box in its right to sue letter. (Def.'s Mot. to Dismiss at 7-8.) While it is true that Plaintiff failed to check the box for disability discrimination, upon review of her statement in the charge, Plaintiff mentioned her disability and stated all the facts surrounding her disability claim in the present suit. (Doc. 34-1.) In short, Plaintiff's disability discrimination lawsuit stems from the factual allegations contained in her charge of discrimination. (*Id.*) Nonetheless, this Court need not dismiss Plaintiff's disability discrimination claim based on her failure to exhaust her administrative remedies because it is clear from Plaintiff's pleadings that she has failed to state a claim upon which relief can be granted.

The ADA prohibits discrimination in employment against qualified individuals on the basis of disability. 42 U.S.C. § 12112. In order to state a claim for disability discrimination under the ADA, a plaintiff must demonstrate "that (a) she has a disability; (b) she is a qualified individual for the job in question; and (c) an adverse employment decision was made because of her disability." *Mercer v. Arbor E & T*, No. 4:11-CV-3600, 2012 WL 1425133, at *5 (S.D. Tex. Apr. 21, 2012) (quoting *Talk v. Delta Airlines, Inc.,* 165 F.3d 1021, 1024 (5th Cir. 1999)) (internal quotation marks omitted). Plaintiff has failed to allege sufficient facts demonstrating that she has a disability or that she was fired because of her disability.

To establish a disability, Plaintiff must (a) demonstrate that her bipolar disorder substantially limits one or more major life activities, (b) provide a record of her bipolar disorder, or (c) show that

she was being regarded as having bipolar disorder. *See id.* at *6 (citing 42 U.S.C. § 12102(1)).

"Major life activities include, but are not limited to, caring for oneself, performing manual tasks,

seeing, hearing, eating, sleeping[,] walking, standing, lifting, bending, speaking, breathing, learning,

reading, concentrating, thinking, communicating, and working." *Id.* (quoting 42 U.S.C. §

12102(2)(A)) (internal alterations and quotation marks omitted).

In her amended complaint, Plaintiff alleges that she is disabled due to bipolar disorder,

however, she fails to make any allegations that her disorder substantially limits one or more of the

aforementioned life activities. (Doc. 38 at 1.) In fact, Plaintiff does not allege that her bipolar

disorder limits her at all. Plaintiff's pleadings are devoid of any allegations detailing the impact of

her bipolar disorder on her ability to perform major life activities and, thus, she cannot show a

disability under subsection (a). Similarly, Plaintiff failed to allege a record of her bipolar disorder

and that such disorder limited her in a major life activity, therefore, she cannot demonstrate a

disability under subsection (b). *See Hale v. King,* 642 F.3d 492, 502 (5th Cir. 2011) (explaining that

a plaintiff must allege a record of an impairment *and* that the impairment limited her in a major life

activity to prove disability). In order to show that she was being regarded as having bipolar disorder,

Plaintiff must establish facts that AT&T mistakenly believed her impairment substantially limited

a major life activity, or that AT&T mistakenly believed that her actual, non-limiting impairment

substantially limited a major life activity. *Id.* Assuming that Plaintiff was suffering from an actual

impairment, the Court is unable to discern whether AT&T believed Plaintiff's impairment to be

more severe than it actually was or whether AT&T believed Plaintiff was substantially limited in a

major life activity. Although Plaintiff was put on medical leave by her employer, she was allowed

to return to work several months later and Plaintiff continued to work up until the date she was

discharged. Furthermore, Plaintiff claims that AT&T told her she was being discharged because she was not following the company's rules, not because she was not performing her work. The Court finds that Plaintiff has failed to sufficiently allege that she has a disability under the ADA.

Notwithstanding, assuming *arguendo* that Plaintiff did sufficiently allege a disability, she still has failed to demonstrate that AT&T discriminated against her because of her disability. While Plaintiff has alleged an adverse employment action in that AT&T terminated her employment, Plaintiff has not alleged sufficient facts to demonstrate that such termination was because of her disability. Instead, Plaintiff reiterates that she was told by her supervisor and manager on numerous occasions that she was not following the company's rules. Plaintiff's pleadings lack any allegations that Plaintiff was replaced by someone without a disability or that Plaintiff was treated differently than other non-disabled employees.[2] In viewing Plaintiff's pleadings in a light most favorable to Plaintiff, this Court is still unable to draw a reasonable inference that AT&T is liable for the misconduct alleged. The Court finds that Plaintiff's pleadings fail to establish facial plausibility and, thus, her disability discrimination claim should be dismissed.

In one of Plaintiff's more recent correspondences to the Court, Plaintiff alludes to the possibility that she was discriminated against because of her race or sex. (Doc. 39.) Although Plaintiff fails to make such allegations in her amended pleadings, this Court will briefly address those issues as well. Title VII precludes an employer from discriminating against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). When a

---

[2] The Court notes that in Plaintiff's charge of discrimination she claims "[d]uring my employment, other employees, males, a female, Whites, Blacks and employees under the age of 40 and over the age of 40 were treated more favorable than me." (Doc. 34-1.) However, such a conclusory allegation, which lacks any factual support, cannot survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 127 S.Ct. at 1964-65.

plaintiff fails to present direct evidence of discrimination, which is the case here, the plaintiff must demonstrate a *prima facie* case of discrimination under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Gipson v. Baylor Health Care Sys.*, No. 3:12-CV-0648-D, 2013 WL 1809532, at *1-2 (N.D. Tex. Apr. 30, 2013). The elements of a *prima facie* case of discrimination include (1) being a member of a protected class; (2) qualified for the position; (3) subjected to an adverse employment action; and (4) replaced by someone outside the protected class or, if alleging disparate treatment, showing that others similarly situated were treated more favorably." *Gipson*, 2013 WL 1809532, at *2 (quoting *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001)).

Nonetheless, in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff need not prove a *prima facie* case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002). However, a court may still consider the *McDonnell Douglas* framework, and "no plaintiff is exempt from her obligation to allege facts sufficient to state all the elements of her claim." *Puente v. Ridge*, 324 Fed. Appx. 423, 428 (5th Cir. 2009) (quoting *Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed. Appx. 363, 370 (5th Cir. 2008)) (internal quotation marks omitted). Here, Plaintiff has failed to allege facts demonstrating that she was either replaced by someone outside her protected class, or that she was treated less favorably than others similarly situated. Plaintiff claims that she was the only African American woman in her group. (Doc. 39 at 1.) She also alleges that she was the only "black woman going to school that AT&T was paying for" and she was the only one in the group that had a problem at work. (Doc. 39 at 2.) These allegations fall far short of stating a race or sex discrimination claim for which relief can be granted. Accordingly, these claims should also be dismissed.

8

This Court has been more than generous in allowing Plaintiff repeated opportunities to amend her complaint and liberally construing her various correspondences and notices as amended pleadings. Because Plaintiff has been afforded these opportunities, and she has still failed to allege sufficient facts to raise a right to relief above the speculative level, the Court recommends that Plaintiff's discrimination claims be dismissed with prejudice. *See Hart*, 199 F.3d at 248 n.6.

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** AT&T's Motion to Dismiss (Doc. 40) and dismiss Plaintiff's claims against AT&T with prejudice. Accordingly, the Court also recommends that Plaintiff's motions requesting the judge to deny AT&T's Motion to Dismiss be **DENIED.** (Docs. 43, 44.)

**SO RECOMMENDED**, August 5, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).